UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARKUS JUSTIN HARRIS,

        Petitioner,

                                     Case No. 4:26-cv-11002
v.                                   Hon. F. Kay Behm
                                   U.S. District Judge

RONALD FENNER,

        Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION TO STAY**
**HABEAS PROCEEDINGS (ECF No. 7)**

Markus Justin Harris filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Michigan convictions for assault with intent to commit murder, assault with a dangerous weapon, and reckless driving causing a serious injury. The petition asserts that Harris was denied the effective assistance of counsel at trial and that constitutionally insufficient evidence was presented at trial identifying him as the perpetrator. (ECF No. 1.)

Before the Court is Petitioner's motion to stay habeas proceedings. (ECF No. 7.) Petitioner asserts that he wishes to present an unexhausted double jeopardy claim to the state courts in a post-conviction review proceeding and (if unsuccessful in state court) amend his petition to add it to this action. (*Id.* PageID.1013.) Petitioner explains that in *People v. Gardner*, 516 Mich. 906, 908

1

(2024), the Michigan Supreme Court held that "'the [Michigan] Legislature [expressed] a clear intention in the plain language of [the] statute to prohibit multiple punishments' indicated by the contrary intents of the AWIM and felonious-assault statutes." *Ibid.* (quoting *People v. Miller*, 498 Mich. 13, 18 (2015)). Petitioner asserts *Gardner* provides new support for a claim that his convictions for both assault with intent to murder and assault with a dangerous weapon violate the Double Jeopardy Clause, and that *Gardner* was previously unavailable to him because it was decided after he filed his appeal in the Michigan Supreme Court. (ECF No. 7, PageID.1010.)

Petitioner notes that a stay as opposed to a dismissal without prejudice on lack of exhaustion grounds is warranted because not much time remains on the one-year statute of limitations. Petitioner completed state court review on December 26, 2024, when his application for leave to appeal in the Michigan Supreme Court was denied. (*Id.* PageID.1012.) His conviction became final for statute of limitations purposes 90 days later, on or about March 26, 2025. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Petitioner filed his habeas petition with one day to spare on March 25, 2026.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276

2

(2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner demonstrates entitlement to a stay. He filed his habeas petition with virtually no time left on the statute of limitations, presenting a timeliness concern if the petition were dismissed instead of stayed. As for "good cause," Petitioner asserts that he could not have previously raised his double jeopardy claim because it is based on a Michigan Supreme Court determination that the Michigan Legislature did not intend for multiple punishments in his situation, and that decision was issued after he already filed his application for leave to appeal. The claim is at least not "plainly meritless" because a Double Jeopardy claim directs a federal court to look to the state legislature's intent to determine whether multiple punishments are warranted under the Double Jeopardy Clause. *See, e.g., Ohio v. Johnson*, 467 U.S. 493, 499 (1984). Finally, there is no indication that Petitioner is engaged in dilatory tactics.

Accordingly, the Court **GRANTS** the motion to stay and holds the habeas corpus petition in abeyance. (ECF No. 7.)

Petitioner must file his motion for relief from judgment in state court within

60 days of entry of this order. He must then immediately file a notice with this Court that includes proof of the state-court filing and a copy of the filing itself. If his motion for relief from judgment is denied, Petitioner must then pursue timely appeals through both the Michigan Court of Appeals and Michigan Supreme Court. If relief is denied, Petitioner must move to reopen this case within 60 days after the conclusion of state post-conviction proceedings. *See, e.g.*, *Wagner v. Smith*, 581 F.3d 410, 411 (6th Cir. 2009) (discussing similar procedure).

If Petitioner fails to comply with any of these conditions, the Court may dismiss his petition and/or rule only on his currently exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**SO ORDERED**.

Date: June 25, 2026                s/F. Kay Behm
                                   F. Kay Behm
                                   United States District Judge

4